UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61337-CIV-COHN/SELTZER

GUILENE PIERRE,

    Plaintiff,

vs.

CARL HENRY CHARLES, et al.,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION TO DISCHARGE LIS PENDENS OR, IN THE ALTERNATIVE, TO REQUIRE PLAINTIFF TO PAY AN APPOPRIATE INDEMNITY BOND

**THIS CAUSE** is before the Court on Defendants' Second Motion to Discharge Lis Pendens or, in the Alternative, to Require Plaintiff to Pay an Appropriate Indemnity Bond [DE 26] ("Motion").  The Court has reviewed the Motion, Plaintiff's Response [DE 27], and Defendants' Reply [DE 29].  On October 17, 2014, the Court held a hearing on the Motion [DE 31–32], and is otherwise advised in the premises.  At the conclusion of the hearing, the Court pronounced that it will **DENY** the Motion to the extent that it will not discharge the lis pendens, but will **GRANT** the Motion to the extent that it will require Plaintiff to post a $140,000 bond to maintain it.  The Court stated that it would follow its oral pronouncement with this written Order.

    **I.**    **Background**

Plaintiff has filed an Amended Complaint [DE 24] containing seven counts: (1) Violation of the FCCPA by Defendant Carl H. Charles; (2) Violation of the Federal Fair Debt Collection Practices Act by Defendant Carl H. Charles; (3) Slander of Credit by

Defendant Carl H. Charles; (4) Violation of FDUTPA; (5) Establishment of a Constructive Trust on Behalf of Plaintiff; (6) Unjust Enrichment; and (7) Fraud by Carl H. Charles.

This suit arises from the sale of Plaintiff's home to Defendants, and representations that may or may not have been made in connection with that sale. From counsel's statements at hearing, the Court concludes that both parties agree on the following facts.[1]  Before 2012, Plaintiff owned the home in Broward County that is the subject of the lis pendens ("the Subject Property").  In 2012, Plaintiff defaulted on her mortgage and owed more than $200,000 to her lender.  She approached Defendant Carl H. Charles for some form of assistance.   As a result of this meeting, Plaintiff eventually sold the house to Mr. Charles.

Here, the parties' stories diverge.  Plaintiff's counsel stated at the hearing that Plaintiff's mortgage lender offered an incentive whereby it would pay Plaintiff $35,000 in cash and forgive her mortgage debt if Plaintiff could arrange a favorable short sale of the property.  She says that she and Defendant agreed that Defendant would buy her house for $85,000, through a short sale.  Plaintiff would receive $35,000, and the lender would receive $50,000.  The lender would forgive Plaintiff's mortgage debt.  Plaintiff would then secure a loan for $50,000 and use it (and the $35,000 cash) to buy the property back from Defendant.  In any event, Plaintiff understood that the property would eventually be returned to her.

---

[1] Although the Court noticed the matter for "evidentiary hearing" [see DE 31 at 1], neither party presented any evidence at the hearing.  Instead, both counsel made arguments and proffered their respective theories of the case.

2

Defendants insist that they never agreed to sell or otherwise re-convey the property back to Plaintiff. Defendants do, however, acknowledge that Plaintiff (for some reason not explained) gave the $35,000 to Defendants, which Defendants refuse to return unless Plaintiff vacates the Subject Property.

In connection with her suit, Plaintiff has filed a Notice of Lis Pendens against the property. In their Motion and an accompanying affidavit by Defendant Carl H. Charles, Defendants state that this lis pendens prevented Defendants from closing on a contract to sell the property to an interested third-party buyer. The contract price of the subject property was $140,000. Defendants therefore move to discharge the lis pendens, so they can sell the property.

## II.     Standard

Florida law governs the discharge of a notice of lis pendens. Pursuant to Florida Statute § 48.23(3), "the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." In the face a motion to discharge, "the proponent of the lis pendens has the burden of establishing a 'fair nexus between the apparent legal or equitable ownership of the subject property and the dispute embodied in the lawsuit." Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993). "A 'fair nexus' requires a 'good faith, viable claim.'" India America Trading Co., Inc. v. White, 896 So. 2d 859, 860 (Fla. Dist. Ct. App. 2005). A notice of lis pendens should be discharged if "it appears clear that the plaintiffs can be afforded complete relief on any claim they make in [the] lawsuit without reference to the title of the real property covered by the lis pendens." Beefy King Int'l v. Veigle, 464 F.2d 1102, 1104 (5th Cir. 1972); see also Blue Star Palms, LLC v. LED Trust, LLC, 128 So. 3d 36, 39 (Fla. Dist. Ct. App. 2012).

The Court also has the authority to order Plaintiff to post a bond to maintain the notice of lis pendens.  "[T]he decision of whether a lis-pendens bond should be posted rests within the discretion of the trial judge." Med. Facilities Dev., Inc. v. Little Arch Creek Properties, Inc., 675 So. 2d 915, 917 (Fla. 1996).  A property-holder need not show irreparable harm. Id.  "Rather, the trial court may also consider the likelihood of other damages which do not meet the standard of irreparable harm." Id.  The Court "has broad discretion to require the proponent of a notice of lis pendens to post a bond when the notice is not based on a duly recorded instrument or construction lien in cases in which the property-holder defendant can show damage or injury will likely be suffered by that defendant in the event the notice was unjustified." Id. at 918.

### III.     Discussion

Based upon Plaintiff's allegations in the Amended Complaint and the parties' representations at the hearing, the Court concludes that Plaintiff has met its burden to establish a fair nexus between her claims and the "apparent legal or equitable ownership of the subject property." Chiusolo, 614 So. 2d at 492.  Simply put, Plaintiff alleges that Defendants obtained her title to the Subject Property through fraud, and that this fraud should be undone.  Although Defendant argued at hearing that Plaintiff's claim for "constructive trust" is really a remedy, not a cause of action in its own right, this is of no matter.  "A court of equity will raise a constructive trust and compel restoration where one, through actual fraud, abuse of confidence reposed and accepted, or through other questionable means gains something for himself which in equity and good conscience he should not be permitted to hold." Quinn v. Phipps, 113 So. 419, 422 (Fla. 1927); see also Saporta v. Saporta, 766 So. 2d 379, 381–82 (Fla. Dist. Ct. App. 2000) (quoting same).  Whether construed as a remedy for unjust enrichment or fraud,

4

or as a cause of action in its own right, Plaintiff seeks a constructive trust that transfers ownership of the Subject Property to her.  The Court will therefore deny Defendants' Motion to the extent that it asks the Court to discharge the lis pendens.

The merits of Plaintiff's claims are another matter, and this is where the bond comes in.  At the hearing, Plaintiff's attorney appeared to concede that Plaintiff signed an affidavit indicating that she understood that she would not receive the property back after making the sale to Defendants.  Plaintiff's attorney stated that he intends to prove that Plaintiff could not read the document, did not understand it, and was coerced or tricked into signing it by Defendants.  Moreover Plaintiff has, at least so far, produced very little evidence that Defendants ever told Plaintiff they would re-convey the property to her at all.  The contract and other documents concerning Plaintiff's sale of the property to Defendants are noticeably absent, for example.  In its discretion, the Court determines that a bond is therefore appropriate to protect Defendants in the event that Plaintiff does not prevail on her claims and harm comes to the property (or it otherwise loses value) in the meantime.

The Court has previously held, in a situation similar to that presented here, that "the amount of the bond is best determined by the amount of the contracted price for the property." Holovka v. Ocean 4660, LLC, No. 11-62456-CIV, 2011 WL 6721349, at *4 (S.D. Fla. Dec. 21, 2011).  Defendants have produced an affidavit and contract of sale demonstrating that Defendants had negotiated sale of the Subject Property for $140,000, but the deal did not close because of the existence of the lis pendens.  [DE 26 at 22.]  The Court will therefore set the bond at $140,000.

### IV. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

5

1.      Defendants' Second Motion to Discharge Lis Pendens or, in the Alternative, to Require Plaintiff to Pay an Appropriate Indemnity Bond [DE 26] is **GRANTED in part and DENIED in part**.  The Motion is **DENIED** to the extent that the Court will not discharge the lis pendens.  The Motion is **GRANTED** to the extent that the Court will require Plaintiff to post a $140,000 bond to maintain the lis pendens.

2.      On or before **November 20, 2014**, Plaintiff Guilene Pierre shall post a lis pendens bond in the amount of $140,000 and shall file proof of compliance in this case.  If Plaintiff fails to do so, the Court will order the lis pendens dissolved.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of October, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.